Good morning, Your Honor. Good morning, folks. May I reserve seven minutes, please, for comment? I'm sorry, seven? May I? Seven? Sure. Thank you. Today's Court has an opportunity Could you identify yourself for the record? We're making an audio take of the proceedings, so we need your name for the record, if you would. Oh, yes, of course. My name. Thomas Easton. Thank you, Mr. Easton. I'm an attorney for Plaintiff Tim Kronzer. Today, Your Honors, this Court has in case an opportunity to continue its long tradition of approving the remedial purposes of RESA, enacted 34 years ago in 1974 to protect the rights of employees. For at least 28 years since Smith v. CMTA IM Pension Trust Fund, 746 Fed 2nd, 587, and the circuit, the circuit has admonished the lower courts to keep at the forefront of RESA's remedial purposes that its provisions should be liberally construed in favor of protecting participants in employee benefit plans. Thus, in this case, an inartfully pled complaint failed to specify the exact disclosures requested and relied upon instead the Federal rule of notice pleading. Justice demands that the plaintiff should have been allowed to amend if it was truly necessary to plead with such specificity. Counsel, Judge Gould, if I could ask you a question on that. I thought that the magistrate judge specifically told the appellant that his complaint wasn't adequate in pleading and gave him a permitted duration of time to amend, but he did not amend. Well, Your Honor, if you look carefully at the transcript, he wasn't that specific about it. He said if it wasn't going to be correct, he gave his time. I mentioned I would be in Kazakhstan over the holiday, Christmas, and he said it for January 3rd, and it ended up not being amended on time because there were no initial disclosures properly made by the other side. In fact, discovery wasn't really fulfilled until April 20th in the motion for summary judgment. Now, our argument has always been that we should have been allowed to amend after discovery, and the judge did say, Judge Zimmerman did mention that he sometimes would permit that after discovery. He wasn't sure about this case. Unfortunately, he got into his head that this was a small claims case, and he didn't think it merited much attention, I'm afraid. And so we got shorted on a lot of things. It's our fault. We had to make motions to compel discovery and did not do that. The other side would refuse to give up any meaningful discovery without being compelled by the court. And that's why we only got the Wells Fargo bank statements for the half million dollars in escrow 648 days after they were initially requested in writing by Jim Kronzer. The judge had to order them to be given before he got them. So, yes, we had we were told we should amend if we could, and we did not because we were waiting for disclosures for discovery and my negligence, if you like. I was too busy. Thank you, counsel. But the idea that the specificity is required, I think the judge was incorrect. I don't think that the rules of pleading require that in our complaint we say the Wells Fargo bank statements were not produced when requested. May I ask you, Mr. Bissett, a related question about the attorney's fees? As I understand it, there was a request for attorney's fees included in a motion for partial summary judgment. When the motion for partial summary judgment was denied, the case went on, and then a month or so later, there was a defense motion for summary judgment that disposed of the whole case. And if I understand correctly, there was never a motion made at the end of the case pursuant to Rule 54 for attorney's fees. Do I have that right? No. No, there was not a proper motion separate. I have always been Excuse me. Go ahead. There has never been a separate motion for attorney fees from the plaintiff's side. I've always been under the impression that we had to win something before we could file such a motion. Unfortunately, I was not aware at the time that that would have been a proper motion to include in the appeal. I just am a little at a loss as to understand how the magistrate judge would have granted attorney's fees in the interlocutory portion of the case. Well, the case is still going on. And then when the case is over, there was no motion made for attorney's fees on the grounds that, you know, he prevailed on some or not all. But it was the problem I have with the sort of procedural posture of things. I'm not sure I understand, Your Honor. There's a motion for partial summary judgment. You lost that in the cases going on. Yes. It did not exist. When the case was all over, there was never a request for attorney's fees. In addition to that, no. That is the sole request. It is the sole request. Wasn't there a request for attorney's fees in the initial complaint? Oh, of course. Of course, in the complaint. But not in the initial complaint or in the motion for partial summary judgment, but after that's lost. Not a motion for attorney's fees after the trial. No. Or after the hearing. No separate motion. Did you ever call to the attention of the magistrate judge the Hart, the case Hart H-A-R-D-T that I think is in your briefs now? No. No. We failed to include that. That came up only in our appeal, in our brief. The judge, what's so important to us is that the judge began to change his attitude toward us. And that's why we included in the appeal the post-judgment papers that, technically speaking, are incorrect because the rule is they must be part of the record submitted. We added them because it shows the judge is changing, and he's saying quite outright it was an unlawful refusal to not disclose the Wells Fargo bank statements. And he's saying plaintiff's inartful pleading, however, does not make defendant less culpable for refusing to provide the ESOP's bank statements. That's ER6 in the footnote 1. That's why we included it. The judge is making it clear that the other side, the defendant, has made a wrongful refusal, is culpable, and yet the judge also said he was not guilty of bad faith. And that, to us, is an error of law on the judge's part. The defendant was most certainly guilty of, culpable of bad faith in failing to disclose for 648 days. That's a breach of jurisdiction. And how can he, counsel, how is he in bad faith? I think if he – I thought he relied upon the advice of some, you know, expert administrator who was assisting him. A fiduciary cannot rely upon bad advice. It was bad, wrong advice. He can't rely upon that. But it might not be a defense to a claim that he breached a fiduciary duty, but it I would agree that under certain circumstances, that might be a good defense. Under this one, not, because he never explained at any time why he delayed. He just merely refused and then fell back on this advice, which was incorrect. The SAR is absolutely clear in its wording. May I have the rebuttal, Mr. Chief Justice? Roberts. Sure, you bet, Mr. Chief Justice. Thank you. Good morning. My name is Leslie Crary. I am counsel for Gary Hanson-Pelley. Just a few things I want to address from Mr. Easton's remarks just now. He makes the – he argues that the complaint may have failed to specify the exact disclosures that were at issue. The fact of the matter is the complaint makes no mention of any nondisclosure claim whatsoever, does not seek penalties. So this is not a matter of an unspecific or even inartful pleading. The pleading completely leaves out this claim. And Mr. Easton had ample opportunity to amend. Not only was he warned, essentially, at the case management conference that he should not wait, he had ample opportunity once he got the documents to amend, and he just never did. There is also no support in this record whatsoever about there being any untimely disclosures, any abuses of the discovery process. There's no citation for it in the briefing, and there's no support in the record. Counsel, Judge Gould, if I could ask you a question, please. What bothers me on your side of the case is only the issue of a propriety of denying attorney's fees by the magistrate judge, and because the plaintiff was not a prevailing party. And how do we square that with the decision of the Supreme Court in Hart, which seems to permit attorney fees even if you're not a prevailing party, if you have some degree of success on the merits? I think the answer to that question is that the standard is, in fact, one has to have some degree of success, and it's success on the merits. At most, there was success in the sense of obtaining some documents, but that was not part of the merits of this case. So, first of all the merits, does it have to be the merits of a claim that was actually pled? I think so, Your Honor. I think otherwise the sort of – it's impossible to going into a case to know what you're dealing with in terms of what you need to do in order to insulate yourself from an attorney's fees claim. And is there any case that says that? Any case following Hart that says the degree of success on the merits has to be on a pleaded claim? I don't know of one. Honestly, I do not know of one. I'm not aware of one. I do think, though, that the – Hart itself and this case, this Court's case law, perhaps in Simonia after Hart, tells us that any degree of success on the merits has to be something more than procedural. And what you have here is a situation where the defendant in this case said he was not ordered to provide these documents. He agreed to provide the documents. That's clear from the tentative ruling, which is identical to the ultimate ruling. But going into the tentative, prior to the tentative, Mr. Hintz and his counsel said, we will provide the documents. The order is simply how do you go about getting the documents. I think further moving on from that, I think it is significant that there was never an attorney's fees motion in this case. None of these issues were developed in the record whatsoever. None of the harmal factors. There's no evidence to support the harmal factors because there wasn't a noticed motion. If Mr. Kronzer believed he had achieved some success on the merits, then he should have brought a noticed motion at the conclusion of the case so that these issues could be brought out. But harmal factors require several things. Number one, it's all discretionary. And in this case, the judge already decided that there was no bad faith on the part of Mr. Hintz. I think it's a complete misconstruction of an order that's not properly before this Court on this appeal to insinuate that this judge changed his mind about his earlier rulings. There's just no support for that. He simply didn't award our client attorney's fees for a variety of reasons. And we're not challenging that order. We're not here asking for any relief on that. So there's no – he's made a determination. There's no bad faith. He's made a determination. There's no prejudice. There's nothing in the record to support the another – many of the other problems that Mr. Hintz could afford and award a fee. In fact, there's nothing in the record on the amount of fees that are even being sought. So if an attorney's fees claim was properly before this Court, it needed to be developed at the district court, and it simply was not. But I do think fundamentally it is important that the success on the merits – I mean, merits has to mean something, and it needs to relate to the case that's pled and before the court. And there was – But it strikes me, at the time the judge made the ruling, nobody was the prevailing party. The case wasn't over. The case was not over. The only thing that happened is there was a motion for partial summary judgment. It was denied, and now the case is facing to the trial or whatever. I think that's right. And I think in addition to the procedural difficulty of that is you cannot assess all of the Hummel factors at that point in the case, because one of those factors is the relative merits of the party's positions in the case, and that case isn't over at that point. You don't know what the relative merits are. Now, I think in this case, if he had made a motion, I don't think there would have been a basis in the record for awarding fees. I just – I don't think that there is. I don't think the argument is properly before the court. And in any event, he did not provide the evidence he needed to provide if he was going to prevail on an attorney's fees claim. A couple of other things. I just want to point out a couple of things. I am – I do think it's important. There's a lot of material in this, the excerpts of record, that really shouldn't be there. A lot of that material is cited as if this case was just one long summary judgment, which it is not. There are two motions.  It's not appropriate to go digging into documents that were filed later, nor is it appropriate for an appellant to be citing two documents that were filed in support of two motions on default judgment issues that were never even heard by the court. If there are no further questions, I'll rest on the brief. I don't have questions. Thank you, Ms. Crary. Thank you. Mr. Easton, you had a little time left over. Thank you, Your Honors. The merits of this case are the failure of Defendant Hentz to disclose the bank statements. That's the crucial document. That was the one that caught Judge Zimmern's attention. Until then, he thought it was actually a small claim, and we've had to persuade him by showing him that there was $500,000, half a million dollars, in escrow. This was a substantial thing. Now, this affected the ESOP. It was not an individual claim on the part of Plaintiff Tim Kronzer. He was coming into this case to get disclosures, first and foremost. He wanted to see these financial statements. And if you read the SAR, as we have cited it in the briefs numerous times ad nauseam, it says he is entitled to the bank statements, and it mentions the half million, Wells Fargo, the two and some million, and the other bank, the Heritage Bank. And it says he's entitled to see the statements. Not a summary, not an eight-month typewritten, handwritten summary. He's entitled to see all these statements. That is the merit of the case. Tim Kronzer went to the Labor Board in San Francisco. He sent them numerous documents that are included in our ER at the end. He wanted answers. The Labor Board was silent. They waited eight or nine months, almost a year, and filed suit. Judge Zimmern finally ordered them to be released about March 11th of last year. And they were. That is the merit of the case. Kronzer won. It was not a trivial success. And he didn't win for himself. He won on behalf of the Aesop, because these bank statements were about the money for the Aesop. It was not money for Tim Kronzer in particular. It was money for the Aesop. They wanted to know what was happening to it. And so he was following the best interpretation of the risks of possible, trying to find to obtain a benefit for all the members, not just himself. All the other parts of the complaint involve possible, for the most part, State claims, and they're presently being litigated in State court. So they're not part of this. Now, this is a different case. This is a different case. This complaint essentially is about disclosure. And the judge, I think, if you remand this back to him, as I hope you will, will have an entirely different opinion of what he had before. He's seen now, by the result of seeing the post-judgment documents that we filed,  he's seen now, unfortunately, technically incorrectly, that he denied their attorney fee request for $160,000. And $20,000 of that was from three attorneys who had previously represented the defendant, stating that they had each of them studied the complaint. It's an artful complaint. And then gone and researched it and came up with a strategy. And what was the strategy? Well, apparently it was stonewalling. They refused to come up with discovery. They refused to disclose. So Pranzer won a victory, and not for himself only, but for the ESOP in general. Now, if this goes back and the court orders an accounting, as we hope it would, because, you see, with this corporation, it was small enough that they could get a waiver of the normal requirements for accounting. All their financial statements that have been included by the other side are from a small firm that has a caveat at the beginning of every one of them. We are depending upon the statements of management. It is not an independent audit. So what we have demanded is an accounting on behalf of the ESOP, on behalf of the members, not for Plank himself. Thank you. Thank you very much, Your Honor. Mr. McGray, thank you as well. The case just argued is submitted. We'll stand and recess. Judge Gould, we'll see you back in the conference room in just a couple minutes. Thank you. Thank you. All rise.
judges: Silverman, Gould, Christen